# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
SAILER, JAMES JOSEPH § Case No. 12-28869
SAILER, NANCY MARIE §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
    . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ _____ as interim compensation and now requests a sum of $ _____ , for a total compensation of $ _____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ ____ , and now requests reimbursement for expenses of $ ____ , for total expenses of $ _____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Peter N. Metrou, Trustee_____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 12-28869 BWB Judge: BRUCE W. BLACK | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|
| Case Name: | SAILER, JAMES JOSEPH | Date Filed (f) or Converted (c): | 07/20/12 (f) |
| | SAILER, NANCY MARIE | 341(a) Meeting Date: | 08/16/12 |
| For Period Ending: | 11/18/14 | Claims Bar Date: | 04/22/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 24510 S. Timberline Tr., Crete, IL 60417 (debtors' | 238,000.00 | 0.00 | | 0.00 | FA |
| 2. checking account with - TCU Credit Union xxx033 | 350.00 | 0.00 | | 0.00 | FA |
| 3. Household goods; TV, DVD player, TV stand, stereo, | 2,200.00 | 0.00 | | 0.00 | FA |
| 4. Books, Compact Discs, Tapes/Records, Family Pictur | 160.00 | 0.00 | | 0.00 | FA |
| 5. Necessary wearing apparel. | 100.00 | 0.00 | | 0.00 | FA |
| 6. Earrings, watch, costume jewelry | 250.00 | 0.00 | | 0.00 | FA |
| 7. Pension w/ Employer/Former Employer - 100% Exempt. | Unknown | 0.00 | | 0.00 | FA |
| 8. US BANK - 2006 Chrysler 300 | 7,750.00 | 0.00 | | 0.00 | FA |
| 9. 2000 Chrysler LHS | 1,627.00 | 0.00 | | 0.00 | FA |
| 10. Inherited RE (u) | Unknown | 0.00 | | 25,809.70 | FA |
| 11. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| 12. Term Life ins- no cash surrender value | 0.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $250,437.00 | $0.00 | | $25,809.70 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Sold estate's interest in real estate. Employed accountant to do tax returns.

Initial Projected Date of Final Report (TFR): 09/30/13    Current Projected Date of Final Report (TFR): 06/30/14

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 12-28869 -BWB | | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|
| Case Name: | SAILER, JAMES JOSEPH | | Bank Name: | Associated Bank |
| | SAILER, NANCY MARIE | | Account Number / CD #: | *******4887 Checking Account |
| Taxpayer ID No: | *******9964 | | | |
| For Period Ending: | 11/18/14 | | Blanket Bond (per case limit): | $ 71,065,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/25/14 | | Trsf In From Congressional Bank | INITIAL WIRE TRANSFER IN | 9999-000 | 25,762.96 | | 25,762.96 |
| 05/13/14 | 005001 | ILLINOIS DEPARTMENT OF REVENUE | Tax Year ending 12/13 | 2820-000 | | 851.00 | 24,911.96 |
| | | P.O. Box 19053 | | | | | |
| | | Chicago, IL 64338 | | | | | |
| 08/28/14 | | Judy Baar Topinka | | 1290-000 | 55.78 | | 24,967.74 |
| | | State of Illinois | | | | | |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 25,818.74 | 851.00 | 24,967.74 |
| Less: Bank Transfers/CD's | 25,762.96 | 0.00 | |
| Subtotal | 55.78 | 851.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 55.78 | 851.00 | |

Page Subtotals  25,818.74   851.00

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 2
Exhibit B

| Case No: | 12-28869 -BWB | | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: | SAILER, JAMES JOSEPH | | Bank Name: | Congressional Bank |
| | SAILER, NANCY MARIE | | Account Number / CD #: | *******0051  Checking Account |
| Taxpayer ID No: | *******9964 | | | |
| For Period Ending: | 11/18/14 | | Blanket Bond (per case limit): | $ 71,065,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/10/13 | 10 | SOUTHERN ILLINOIS TITLE INS SERVICES INC<br>209 E MAIN ST<br>CARMI, IL 62821 | SALE OF RE | 1210-000 | 25,809.70 | | 25,809.70 |
| 02/06/14 | 001001 | INTERNATIONAL SURETIES, LTD<br>SUITE 420<br>701 POYDRAS ST.<br>NEW ORLEANS, LA 70139 | BOND PREMIUM 016026455 | 2300-000 | | 46.74 | 25,762.96 |
| 03/25/14 | | Trsf To Associated Bank | FINAL TRANSFER | 9999-000 | | 25,762.96 | 0.00 |

|   |   | | | |
|---|---|---|---|---|
| | COLUMN TOTALS | | 25,809.70 | 25,809.70 | 0.00 |
| | Less: Bank Transfers/CD's | | 0.00 | 25,762.96 | |
| | Subtotal | | 25,809.70 | 46.74 | |
| | Less: Payments to Debtors | | | 0.00 | |
| | Net | | 25,809.70 | 46.74 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - ********4887 | 55.78 | 851.00 | 24,967.74 |
| Checking Account - ********0051 | 25,809.70 | 46.74 | 0.00 |
| | 25,865.48 | 897.74 | 24,967.74 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  25,809.70  25,809.70

ANALYSIS OF CLAIMS REGISTER
EX C

CASE NO:              12-28869-BWB
CASE NAME:            SAILER, JAMES JOSEPH
CLAIMS BAR DATE:      04/22/13
CLAIMS REVIEWED BY:   Peter N. Metrou, Trustee

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
|  | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL 60543 | Administrative |  | 0.00 | 3,336.55 | 3,336.55 |
|  | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL 60543 | Administrative |  | 0.00 | 80.56 | 80.56 |
| 001<br>3410-00<br>Accountant for Trustee Fees (Other | POPOWCER KATTEN, LTD<br>35 EAST WACKER DRIVE<br>SUITE 1550<br>CHICAGO, IL 60601 | Administrative |  | 0.00 | 1,029.00 | 1,029.00 |
|  |  | Subtotal for Class Administrative |  | 0.00 | 4,446.11 | 4,446.11 |
| 000001<br>070<br>7100-00<br>General Unsecured 726(a)(2) | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured |  | 7,619.00 | 7,787.84 | 7,787.84 |
| 000002<br>070<br>7100-00<br>General Unsecured 726(a)(2) | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured |  | 5,246.00 | 5,374.23 | 5,374.23 |
| 000003<br>070<br>7100-00<br>General Unsecured 726(a)(2) | PYOD, LLC its successors and assigns as assignee<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured |  | 26,961.00 | 26,961.54 | 26,961.54 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 6)*

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000004 070 7100-00 General Unsecured 726(a)(2) | Capital Recovery V, LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami, FL 33131-1605 | Unsecured | (4-1) JCPENNEY CREDIT SERVICES or GEMB | 602.00 | 602.38 | 602.38 |
| 000005 070 7100-00 General Unsecured 726(a)(2) | Capital Recovery V, LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami, FL 33131-1605 | Unsecured | (5-1) JCPENNEY CREDIT SERVICES or GEMB | 113.00 | 78.29 | 78.29 |
| 000006 070 7100-00 General Unsecured 726(a)(2) | Capital Recovery V, LLC c/o Recovery Management Systems Corporat 25 SE 2nd Avenue Suite 1120 Miami, FL 33131-1605 | Unsecured | (6-1) JCPENNEY REWARDS MASTERCARD or GEMB | 2,379.00 | 2,478.58 | 2,478.58 |
| 000007 070 7100-00 General Unsecured 726(a)(2) | Capital One, N.A. c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | (7-1) CREDIT CARD DEBT | 0.00 | 380.33 | 380.33 |
| 000008 070 7100-00 General Unsecured 726(a)(2) | American Express Bank, FSB c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | (8-1) CREDIT CARD DEBT | 2,472.00 | 2,497.98 | 2,497.98 |
| 000009 070 7100-00 General Unsecured 726(a)(2) | PYOD, LLC its successors and assigns as assignee of Citibank (South Dakota), N.A. Resurgent Capital Services PO Box 19008 Greenville, SC 29602 | Unsecured | | 201.00 | 201.17 | 201.17 |
| 000010 070 7100-00 General Unsecured 726(a)(2) | PYOD, LLC its successors and assigns as assignee of Citibank (South Dakota), N.A. Resurgent Capital Services PO Box 19008 Greenville, SC 29602 | Unsecured | | 6,978.00 | 6,978.96 | 6,978.96 |
| | | | Subtotal for Class Unsecured | 52,571.00 | 53,341.30 | 53,341.30 |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | | Case Totals: | | 52,571.00 | 57,787.41 | 57,787.41 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-28869
Case Name: SAILER, JAMES JOSEPH
　　　　　　SAILER, NANCY MARIE
Trustee Name: Peter N. Metrou, Trustee

　　　　　Balance on hand　　　　　　　　　　　　　　　　　$

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ | $ | $ |
| Trustee Expenses: Peter N. Metrou, Trustee | $ | $ | $ |
| Accountant for Trustee Fees: POPOWCER KATTEN, LTD | $ | $ | $ |

　　　Total to be paid for chapter 7 administrative expenses　　　$_____
　　　Remaining Balance　　　　　　　　　　　　　　　　　　$_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $　　　must be paid in advance of any dividend to general (unsecured) creditors.

　　　Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Discover Bank | $ | $ | $ |
| 000003 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000004 | Capital Recovery V, LLC | $ | $ | $ |
| 000005 | Capital Recovery V, LLC | $ | $ | $ |
| 000006 | Capital Recovery V, LLC | $ | $ | $ |
| 000007 | Capital One, N.A. | $ | $ | $ |
| 000008 | American Express Bank, FSB | $ | $ | $ |
| 000009 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000010 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE